**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEPHEN KELLY,

                      Plaintiff,

    v.

COLONIE POLICE DEPARTMENT,

                      Defendant.

No. 8:20-CV-721
(GTS/CFH)

---

**APPEARANCES:**

Stephen Kelly
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Stephen Kelly ("plaintiff") commenced this action on June 29, 2020, by filing a complaint. See Dkt. No. 1 ("Compl.").[1] In lieu of paying this Court's filing fee, he submitted a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP motion and determines that he may properly proceed IFP.[2]

---

[1] Plaintiff also currently has pending before the Court his motion to proceed in forma pauperis and complaint in Kelly v. Guilderland Police Department, 8:20-CV-235 (filed, March 2, 2020).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that

the pleader is entitled to relief." F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

F<small>ED</small>. R. C<small>IV</small>. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

F<small>ED</small>. R. C<small>IV</small>. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

### B. Plaintiff's Complaint

Plaintiff's complaint is written on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, and names as the sole defendant the Town of Colonie Police Department.  See Compl. at 1.  Plaintiff posits that, on September 6, 2017, "a detective from the Colonie Police Department alleged that [he] knowingly possessed stolen property without any factual allegations that established that [he] was aware that the bicycle in [his] possession had been reported stolen." Id. at 4.  He states that, "[a]t the time [he] purchased the bike, there was no indication that it may have been stolen"

and, therefore, he "was not inclined to ascertain this knowledge." Id.  Further, plaintiff states that "[a] second charge" was brought against him for allegedly possessing "stolen property for a laptop computer which was never reported stolen." Id.  Plaintiff alleges that "[i]t was never stated how the investigators were able to identify the owner and there are no factual allegations that establish that [he] was aware" that the property was stolen, "or as to how, where, and when a theft occurred," which plaintiff posits "suggest[s] a coerced affidavit." Id.  Moreover, plaintiff contends that "[t]he charges were in the process of being dismissed in Colonie Court before being transferred to Albany County Court," and that "Judge Carter neglected to address their factual sufficiency"; however, plaintiff alleges that, "[a]fter being suppressed, they were dismissed." Id.  Plaintiff purports to assert two claims, apparently with respect to each of the foregoing incidents, and lists false arrest as the basis of each of his claims. See id. at 5.

Liberally construing the complaint, plaintiff alleges Fourth Amendment claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 and New York State law. See Compl. at 4, 5.  Plaintiff requests "$250,000 for both claims." Id. at 5.  As stated above, plaintiff names the Town of Colonie Police Department as the sole defendant in this action. See id. at 1.[3]

### C. Analysis[4]

---

[3] The undersigned notes that, although plaintiff references "Judge Carter" and an unnamed Colonie Police Department detective, see Compl. at 4, he does not name those individuals as defendants in this action.

[4] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

It is well established that "[a] police department is an administrative arm of [a] municipal corporation," and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (citations omitted); see Hester-Bey v. Police Dep't, No. 12-CV-3320 (KAM), 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (explaining that "[s]ection 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws,'" and holding that, because "[t]he New York City Police Department is not a 'person' within the meaning of section 1983 [it] is therefore[] not a suable entity." (quoting 42 U.S.C. § 1983)).  Thus, the Town of Colonie Police Department is not a proper defendant for plaintiff's section 1983 claims.  Further, to the extent that plaintiff intended to bring his claims against the Town of Colonie, of which the Town of Colonie Police Department "is an administrative arm," he has failed to plead such a claim.  In order to plead a claim against a municipality, a plaintiff must allege that he was harmed by a municipal "policy" or "custom."  Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978).  Here, plaintiff's complaint is devoid of facts from which the Court could infer, even under the most liberal construction, that his alleged injury was the result of any policy or custom of the Town of Colonie.  See generally Compl.  Consequently, it is recommended that the Town of Colonie Police Department be dismissed as a party from this action.

### D. Leave to Amend

Mindful of the liberality with which pro se pleadings must be construed, it is recommended that plaintiff be granted thirty (30) days leave from the date of this Report-Recommendation and Order to file an amended complaint to name a proper defendant. See Hester-Bey, 2012 WL 4447383, at *2 (affording the pro se plaintiff leave to file an amended complaint to name a proper defendant where his original complaint asserted causes of action for false arrest exclusively against the New York City Police Department). Plaintiff is advised that, pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 8, he is required to provide a short, plain statement of his claim against each defendant named so that they are afforded adequate notice of the claims against them. See Iqbal, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the defendant-unlawfully harmed-me accusation." (internal quotation marks and citations omitted).

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that the Town of Colonie Police Department be dismissed as a party from this action; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND** within thirty (30) days from the date of this order to file an amended complaint to name a proper defendant(s).

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: September 21, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).