UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHEN KELLY,

                             Plaintiff,

                                                                                               8:20-CV-0721
v.                                                                                         (GTS/CFH)

COLONIE POLICE DEPARTMENT,

                            Defendant.
_____

APPEARANCES:

STEPHEN KELLY, 18-A-3202
   Plaintiff, *Pro Se*
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Stephen Kelly ("Plaintiff") against the Colonie Police Department ("Defendant"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendation of September 21, 2020, recommending that the Colonie Police Department be dismissed as a party from the action, Plaintiff's Complaint be dismissed without prejudice and with leave to amend, and that Plaintiff be granted thirty days from the date of the Decision and Order adopting the Report-Recommendation to file an Amended Complaint. (Dkt. No. 5.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.) Instead, Plaintiff has filed an Amended Complaint as of right pursuant to Fed.

R. Civ. P. 15(a)(1)(A).  (Dkt. No. 6.)[1]

After carefully reviewing the relevant papers herein, the Court can find no clear error[2] in Magistrate Judge Hummel's Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. To those reasons, the Court adds the following analysis.

Because an amended complaint supersedes an original complaint in all respects,[3] no need exists any longer for the Court to dismiss (or, more specifically, threaten to dismiss) Plaintiff's

---

[1] The Court notes that, by the time he filed his Amended Complaint, Plaintiff had not yet served his original Complaint, eliminating the need for him to file a motion to amend under Fed. R. Civ. P. 15(a)(2). *See, e.g., Smith v. Schweiloch*, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012) ("The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint.").  The Court notes also that, in accepting Plaintiff's Amended Complaint, the Court finds this case to be distinguishable from *Cresci v. Mohawk*, No. 15-3234, 2017 WL 2392470 (2d Cir. June 2, 2017), for each of two alternative reasons: (1) in this case, Plaintiff did not file a motion to amend but an Amended Complaint as of right; and (2) in this case, Plaintiff was not notified of the pleading defects in his original Complaint through the mere motion to dismiss of a defendant but through a Report-Recommendation of a Magistrate Judge (which would effectively be dispositive unless found to be clearly erroneous, given Plaintiff's lack of an Objection).

[2] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[3] *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

original Complaint.   However, the crux of the Report-Recommendation has not been mooted: Plaintiff's original claims were not actionable and need to be corrected or his action will be dismissed.   As a result, the Court finds that, if Plaintiff's Amended Complaint has not corrected the pleading defects identified by Magistrate Judge Hummel in his Report-Recommendation (and/or if it asserts new claims plagued by other pleading defects), Plaintiff's action shall be dismissed with prejudice.   This action is therefore returned to Magistrate Judge Hummel for his review of the pleading sufficiency of the Amended Complaint (as well as his management of pretrial matters).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Colonie Police Department as a party in this action, and **REPLACE** it with Jeffrey M. Guzy; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is referred to Magistrate Judge Hummel for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e).

Dated: November 3, 2020
        Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge