**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

STEPHEN KELLY,

                              Plaintiff,

                v.

JEFFREY M. GUZY,                                                    No. 8:20-CV-721
                                                                              (GTS/CFH)
                              Defendant.
_____

**APPEARANCES:**

Stephen Kelly
18-A-3202
Gouverneur Correctional Facility
P.O. Box 480
Gouverneur, New York 13642
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

#### I.  Background

        Plaintiff pro se Stephen Kelly commenced this action on June 29, 2020, with the

filing of a complaint and application to proceed in forma pauperis.  See Dkt. Nos. 1, 2.

In a Report-Recommendation & Order dated September 21, 2020, the undersigned:

(1) granted plaintiff's in forma pauperis application, (2) recommended that the Town of

Colonie Police Department be dismissed as a defendant with prejudice, and

(3) recommended that the complaint otherwise be dismissed without prejudice and with

leave to amend.  See Dkt. No. 5.  On October 15, 2020, plaintiff filed an amended

complaint.  On November 3, 2020, Chief Judge Suddaby adopted the Report-

Recommendation & Order in its entirety.  See Dkt. No. 7.  Presently before the Court is review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

## II.  Initial Review of Amended Complaint

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

## B.  Amended Complaint

Plaintiff's amended complaint is essentially identical to his original complaint, the only cognizable difference is that in place of the Town of Colonie Police Department, plaintiff inserts defendant Guzy. See generally Dkt. No. 6. In summary, plaintiff contends that on September 6, 2017, defendant Guzy accused plaintiff of knowingly

possessing stolen property. See id. at 3.  Plaintiff contends that when he purchased the allegedly stolen bicycle, "there was no indication that it may have been stolen" and he had no reason to believe as such.  Id. at 3.  Plaintiff further contends that Guzy accused him of knowingly possessing a stolen laptop "which was never reported stolen."  Id. Plaintiff contends that the lack of "factual allegations that established that I was aware of the property as having ben [stolen], or as to how, where, and when a theft occurred, [] suggests a coerced affidavit."  Id.

Plaintiff further contends that, as "[t]he charges were in the process of being dismissed in Colonie Court before being transferred to Albany County Court" when "Judge Carter neglected to address their factual sufficiency."  Dkt. No. 6 at 3.  At some unspecified point thereafter, the charges were suppressed, and then dismissed on December 11, 2018.  Id.  Plaintiff alleges "false arrest for the first charge" and "false arrest for the second charge."  Id.  Plaintiff seeks "$250,000 for both claims."  Id.

## 1.  Judicial Immunity

First, insofar as plaintiff may be seeking to bring a claim against Judge Carter, who plaintiff does not name as a defendant in the caption nor explicitly set forth any claims against, it is recommended that any such claim be dismissed with prejudice as barred by the doctrine of judicial immunity.  It is well-settled that judges enjoy absolute immunity from suits for acts performed pursuant to their judicial duties. See Cruz v. New York, No. 5:17-CV-00510 (BKS/TWD), 2017 WL 6021838, at *18 (N.D.N.Y. Oct. 27, 2017)[1] (citation omitted). "Immunity from suit is overcome in only two narrow

---

[1]  Copies of unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

circumstances[:] [ (1) ] a judge is not immune from liability for non-judicial actions, i.e., actions not taken in a judge's judicial capacity[;(2)] a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. The Supreme Court of the United States has "'generally concluded that acts arising out of, or related to, individual cases before the judge are judicial in nature.'" Id. (quoting Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009)).

Plaintiff's statement about Judge Carter is sparse, amounting to one line in the amended complaint. See Dkt. No. 6 at 3. Even if plaintiff is attempting to say that Judge Carter's actions somehow deprived him of a constitutional right – such as due process – by declining to address the factual sufficiency of charges against plaintiff, such an act clearly arises out of, or relates to, a case before the judge. See id.; see also Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983) (holding that "a judge defending against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his judicial capacity") (citing Dennis v. Sparks, 499 U.S. 24, 27 (1980); Supreme Court of Virginia v. Consumers Union of the U.S., Inc., 446 U.S. 719, 734-35 (1980); Stump v. Sparkman, 435 U.S. 349, 360 (1978)); see also Anonymous v. Kaye, 987 F. Supp. 131, 135 (N.D.N.Y. 1997). Accordingly, as any claim plaintiff may be seeking to raise against Judge Carter relating to his apparent failure to address the "factual sufficiency" of charges against plaintiff – even if repleaded to provide additional clarification and factual support – would necessarily fail due to judicial immunity, it is recommended this apparent claim be dismissed with prejudice.

**2.  False Arrest**

Liberally construed, plaintiff's amended complaint appears to seek to bring a claim against defendant Guzy for false arrest in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983. See Dkt. No. 6; Bryant v. City of New York, 404 F.3d 128, 135-36 (2d Cir. 2005) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion)).[2]  As this Court's prior Report-Recommendation & Order noted, it is possible plaintiff also seeks to proceed on a claim of false arrest under New York State law.[3]

"The elements of a claim for false arrest under § 1983 are substantially derived from New York law." Hawthorne v. City of Albany, No. 1:17-CV-00716 (GTS/TWD), 2017 WL 3822112, at *6 (N.D.N.Y. July 25, 2017), report and recommendation adopted sub nom. Hawthorne v. Ruecker, No. 1:17-CV-0716 (GTS/TWD), 2017 WL 4351520 (N.D.N.Y. Oct. 2, 2017). "A plaintiff claiming false arrest must establish that: (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Id.  The United States Supreme Court has made clear that a false arrest claim "consists of detention without legal process . . . ." Wallace v. Kato, 549 U.S. 384, 389 (2007).  "Probable cause is a complete defense to a false arrest claim." Hawthorne, 2017 WL 3822112, at *6 (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); see Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists where the officer has "knowledge or reasonably trustworthy information

---

[2]  Plaintiff's Amended Complaint is submitted on a form pro se complaint, where he indicates, by checking a box, that he seeks to bring his claim pursuant to 42 U.S.C. § 1983. See Dkt. No. 6 at 1.
[3]  Plaintiff's amended complaint does not explicitly indicate that he seeks to bring a claim for false arrest under New York State law.  However, interpreting the complaint liberally to raise the strongest arguments it suggests, as this Court must in light of the special solicitude due to plaintiff, the undersigned finds this a liberal interpretation of the amended complaint warranted.

sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000).  "The court looks only to the information the arresting officer had at the time of the arrest."  Peterson v. County of Nassau, 995 F. Supp. 305, 313 (E.D.N.Y. 1998). "Once an officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. N.Y.C. Trans. Auth., 124 F.3d 123, 128 (2d Cir. 1997).

Here, plaintiff alleges that defendant Guzy had no information suggesting that the items were stolen or that there existed anything to support a determination that plaintiff knew or should have known that they were stolen.  Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, if it is the case at the time of the arrest that the arresting officer had no knowledge or any reason to believe that the items were stolen, it is possible that there as no probable cause.  Thus, based on the – albeit sparse – facts plaintiff has provided, it is not clear that probable cause existed.

As for the confinement prong, it is not entirely clear whether plaintiff was arrested or taken into physical custody absent his consent or justification.  See Lacey v. Yates County, 30 F. Supp. 3d 213, 226 (W.D.N.Y. 2014) ("The heart of a false arrest claim is a being taken into physical custody.").  However, given that plaintiff contends that he was charged with possession of stolen property, and that these charges were reviewed by a judge, the undersigned finds it appropriate – in light of special solicitude – to assume at

this early juncture[4] that plaintiff was in "custody" within the meaning of the Fourth Amendment.  See, e.g., Delaney v. City of Albany, No. 1:18-CV-1259 (LEK/ATB), 2019 WL 125769, at *2 (N.D.N.Y. Jan. 7, 2019).  Accordingly, plaintiff has pleaded enough for this claim to proceed beyond the initial review stage.

### 3.  Malicious Prosecution

"To prevail on a Section 1983 claim for malicious prosecution, 'a plaintiff must show a violation of his rights under the Fourth Amendment . . .  and must establish the elements of a malicious prosecution claim under state law.'"  Butler v. Hesch, 286 F. Supp. 3d 337, 355 (N.D.N.Y. Feb. 15, 2018) (quoting Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted)).  "The elements of a malicious prosecution claim under § 1983 are substantially the same as the elements under New York law."  Hawthorne, 2017 WL 3822112, at *6.

> To state a malicious prosecution claim under New York law, the plaintiff must allege facts plausibly showing: (1) the initiation of a criminal proceeding; (2) its termination favorably to plaintiff; (3) lack of probable cause; and (4) malice. Manganiello v. City of N.Y., 612 F.3d 149, 161 (2d Cir. 2010). In addition, the Second Circuit requires that a plaintiff demonstrate that there was a "post arraignment seizure," since a § 1983 malicious prosecution claim is "grounded ultimately on the Fourth Amendment's prohibition of unreasonable seizures."  Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013).

Id.

> Blacks's Law Dictionary defines "criminal proceeding" as "[a] judicial hearing, session, or prosecution in which a court adjudicates whether a person has committed a crime or, having already fixed guilt, decides the offender's punishment; at a criminal hearing or trial." Black's Law Dictionary (10th ed. 2014). Courts have recognized that entrance of a guilty plea is part of a criminal proceeding. See Florida v. Nixon, 543 U.S.

---

[4]  The undersigned declines to reach whether plaintiff's pleadings would survive a properly-filed dispositive motion on this ground.

175, 187 (2004) ("A guilty plea . . . is an event of signal significance in a
criminal proceeding.") (citations omitted); Davila v. United States, 07-CV-
1320, 2008 WL 906691, at *12 (E.D.N.Y. Mar. 31, 2008) (noting that the
competency requirement "applies throughout all stages of the criminal
proceedings, including the guilty plea").

Cantey v. Martinez, No. 1:1-6CV-0014 (GTS/CFH), 2018 WL 2727868, at *6 (N.D.N.Y.

June 6, 2018).

The Second Circuit has held that although "police officers do not generally
"commence or continue" criminal proceedings against defendants, a claim
for malicious prosecution can still be maintained against a police officer if
the officer is found to 'play[ ] an active role in the prosecution, such as
giving advice and encouragement or importuning the authorities to act.'"
Bermudez v. City of New York, 790 F.3d 368, 377 (2d Cir. 2015)
(quotations omitted). "This element might be satisfied by, for example,
showing that an officer generated witness statements or was regularly in
touch with the prosecutor regarding the case." Id. (citation omitted).

Butler v. Hesch, 286 F. Supp. 3d 337, 356 (N.D.N.Y. 2018).

Here, plaintiff pleads no facts to suggest that defendant Guzy "commenced or

continue[d]" criminal proceedings against him.  Entirely lacking from the amended

complaint are any allegations that Guzy played an "active role" in the prosecution – as

opposed to the initiation -- of criminal charges against plaintiff. Butler, 286 F. Supp. 3d

at 256. Further unclear is whether plaintiff experienced a "post-arraignment seizure."

Hawthorne, 2017 WL 3822112, at *6.

As plaintiff has set forth no factual allegations relating to  his malicious

prosecution claim, and it is not clear whether plaintiff even intends to proceed with such

a claim, it is recommended that, insofar as plaintiff's amended complaint may be

liberally interpreted as seeking to bring a claim for malicious prosecution against

defendant Guzy under the Fourth Amendment and/or New York State law, such claims

be dismissed without prejudice.[5]

### III.  Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's false arrest claims **proceed,** and it is

**RECOMMENDED**, that plaintiff's apparent malicious prosecution claims be

**DISMISSED WITHOUT PREJUDICE**; and it is further

**RECOMMENDED**, that, insofar as plaintiff's amended complaint may be read as

seeking to raise a claim against Judge Carter, such claim be **DISMISSED with**

**prejudice** as barred by the doctrine of judicial immunity; and it is

**ORDERED**, that, following the District Judge's ruling on this Report-

Recommendation & Order, the Clerk of the Court return the case to the magistrate

judge to address whether service is appropriate at that time; and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on

plaintiff in accordance with the Local Rules

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to

file written objections to the foregoing report.  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See <u>Roldan v. Racette</u>, 984

---

[5] Should the District Judge adopt this Report-Recommendation & Order, permitting plaintiff file a second amended complaint, plaintiff is advised that any second amended complaint will supersede and replace the amended complaint in its entirety.  Plaintiff is not permitted to incorporate any portion of earlier complaints by reference and may not attempt to replead claims already dismissed by this Court with prejudice.  Failure to include any facts, claims, or defendants in any second amended complaint will be deemed abandonment of such facts, claims, or defendants.

F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d

15, 16 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[6]

        Dated: November 10, 2021
           Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding <u>pro</u> <u>se</u> and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. <u>Id.</u> § 6(a)(1)(c).