**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEPHEN KELLY,

                         Plaintiff,

      v.

JEFFREY M. GUZY,

                     Defendant.

No. 8:20-CV-721
(GTS/CFH)

---

**APPEARANCES:**

Stephen Kelly
18-A-3202
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642[1]
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

      On January 18, 2022, Chief Judge Suddaby adopted the undersigned's

November 11, 2021, Report-Recommendation & Order, concluding, as relevant here,

that plaintiff's Fourth Amendment false arrest claim in his amended complaint survived

sua sponte review.  Dkt. No. 12.  The Decision & Order then directed that the case be

---

[1] A DOCCS search reveals that plaintiff was released from custody on June 29, 2021.  Plaintiff has not complied with his duty to immediately notify the Court in writing of any changes in his address.  The Court has not been provided with an updated address for plaintiff.  When plaintiff commenced this action, he was provided with a copy of the Court's pro se handbook.  See Dkt. No. 4.  That handbook, along with the Court's Local Rules and the Federal Rules of Civil Procedure – with which all parties are required to comply – informs plaintiff of his duty to immediately advise the Court in writing of any change in his address.  It further advises plaintiff that his "failure to notify the Court of a change if address may result in the involuntary dismissal of your case for failure to prosecute."  Id. at 1.

"returned to Magistrate Judge Hummel to address whether service of process is appropriate at this time." Dkt. No. 12. Pursuant to that directive, the undersigned now reviews the matter of service of the amended complaint.

When plaintiff commenced this action, the Court provided him a copy of the pro se handbook and notice. Dkt. No. 4. Within that documentation, plaintiff was advised of his duty, pursuant to Local Rule 10.1(b)(2), "to immediately notify the Court of any change of address." Dkt. No. 4 at 1. He was further advised that his "failure to notify the Court of a change of address may result in the involuntary dismissal of [his] case for failure to prosecute." Id. (citing N.D.N.Y. L.R. 41.2(b); FED. R. CIV. P. 41(b)). After issuance of the November 10, 2021, Report-Recommendation & Order in this action, the mail was returned to the Court as "undeliverable." Dkt. Nos. 9, 10, 11. The New York State DOCCS inmate lookup provides that plaintiff was released from custody in June 2021, and, thus, is no longer housed at Gouverneur Correctional Facility, the last know address plaintiff provided to the Court. (DOCCS Inmate Lookup, available at http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Jan. 20, 2022). Given that plaintiff has not contacted the Court with a current address, as he was advised he was required to do, and has not communicated with the Court in any way since October 15, 2020, when he filed an amended complaint, dkt. no. 6, the undersigned is of the opinion that serving the amended complaint on defendant at this time would not be an efficient or effective use of judicial resources.

Instead, the undersigned recommends providing plaintiff thirty days to contact the Court in writing and advise whether he wishes to proceed with this action. Should plaintiff fail to contact the Court within the proscribed time period, it is recommended

that the Court close the case, pursuant to Local Rule 41.2(b) and Fed. R. Civ. P. 41(b), without further order of the Court due to plaintiff's failure to follow Local Rule 10.1(b)(2) and prosecute this action.  Should plaintiff contact the Court within the allowed-for timeframe and advise the Court that he intends to proceed, it is recommended that the Court instead return the case to the undersigned for service of the amended complaint at that time.

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff be given thirty (30) days from the District Judge's decision reviewing this Report-Recommendation & Order to contact the Court <u>in writing</u> advising the Court whether he wishes to proceed with the prosecution of this action; and it is further

**RECOMMENDED**, that if plaintiff fails to contact the Court <u>in writing</u> within the above time frame, that the case be closed without further order of the Court due to his failure to comply with the Local Rules and Federal Rules and his failure to prosecute; and it is further

**RECOMMENDED**, that if plaintiff contacts the Court <u>in writing</u> within the thirty-day time frame and advises the Court that (1) he wishes to proceed with this action, and (2) provides the Court with an updated address, the Clerk of the Court return the case to the undersigned for service of the amended complaint and summons at that time; and is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff at his last-known address.

**IT IS SO ORDERED.**

3

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[2]

      Dated: January 21, 2022
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).